UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GARY WAYNE BUSH ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:15-1438 |
| ] | Senior Judge Nixon |
| CHERRY LINDAMOOD, Warden ] | |
|     Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On September 16, 2008, a jury in Rutherford County found the petitioner guilty of first degree murder. Docket Entry No. 24-2 at pgs. 26-28. For this crime, he received a sentence of life imprisonment. *Id.* at pg. 30.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 24-20. The Tennessee Supreme Court later denied petitioner's application for further review. *Id.*

In November, 2012, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Rutherford County. Docket Entry No. 24-21 at pgs. 3-26. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court

1

denied the post-conviction petition. *Id.* at pgs. 82-94.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 24-27. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review. *Id.*

## II. Procedural History

On November 13, 2015, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[1] The petition contains four primary claims for relief. These claims include

    1)    the petitioner was denied the effective assistance of counsel;

    2)    the evidence was insufficient to support the conviction;

    3)    the petitioner is actually innocent of the crime; and

    4)    the trial judge gave erroneous jury instructions.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 14) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is respondent's Motion to Dismiss (Docket Entry No. 26), to

---

[1] The petition was stamped by the Clerk's Office as being received on December 4, 2015. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner avers that his petition was given to prison officials for posting on November 13, 2015. *See* Docket Entry No. 1 at pg.10.

which the petitioner has offered no Reply. Having carefully considered respondent's pleading and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In the Motion to Dismiss, the respondent asserts that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2]

The petitioner was found guilty on September 16, 2008. The direct appeal of petitioner's conviction was concluded on November 17, 2011, the date that the Tennessee Supreme Court denied his application for additional review. Docket Entry No. 24-20.

The time for seeking direct review, however, has been held to include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000). As a consequence, the petitioner's conviction became final for timeliness purposes ninety days later, or on February 15, 2012.[3]

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

[3] The ninety days are computed as follows : 13 days (11/18 - 11/30) + 31 days (12/01-12/31) + 31 days (1/01 - 1/31) + 15 days (2/1 - 2/15/12) = 90 days.

3

Accordingly, the petitioner had one year from this date, or until February 15, 2013, in which to initiate the instant action.[4]

After two hundred seventy two (272) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief.[5] Docket Entry No. 24-21 at pgs. 3-26. The filing of that petition had the effect of tolling the one year limitation period for as long as petitioner's post-conviction proceedings remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On June 11, 2015, the Tennessee Supreme Court rejected the petitioner's application for further review of his post-conviction petition, Docket Entry No. 24-27, thus concluding the petitioner's state post-conviction proceedings.

When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). Therefore, having already expended two hundred seventy two (272) days of the limitation period, the petitioner was left with ninety three (93) days (365 - 272 = 93), or until September 12, 2015, in which to initiate the instant action.[6]

The habeas corpus petition (Docket Entry No. 1) initiating this action was filed on November 13, 2015, more than two months after the limitation period had expired. As a consequence, the Court finds that the respondent correctly notes that this action is untimely.

---

[4] The year 2012 was a leap year.

[5] The post-conviction petition was filed on November 13, 2012. The 272 days are calculated as follows : 14 days (2/16 - 2/29) + 31 days (3/01 - 3/31) + 30 days (4/01 - 4/30) + 31 days (5/01 - 5/31) + 30 days (6/01 - 6/30) + 31 days (7/01 - 7/31) + 31 days (8/01 - 8/31) + 30 days (9/01 - 9/30) + 31 days (10/01 - 10/31) + 13 days (11/01 - 11/13/12) = 272 days.

[6] The 93 days are computed as follows : 19 days (6/12 - 6/30) + 31 days (7/01 - 7/31) + 31 days (8/01 - 8/31) + 12 days (9/01 - 9/12/15) = 93 days.

4

## IV. Equitable Tolling of the Limitation Period

Nevertheless, the limitation period does not act as a jurisdictional bar. Holland v. Florida, 560 U.S. 631, 649 (2010). Consequently, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In this regard, the petitioner has offered nothing that would suggest that he is entitled to an equitable tolling of the limitation period. Nonetheless, the Supreme Court has held that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the untimeliness of the habeas corpus petition. McQuiggin v. Perkins, 133 S.Ct. 1924, 1932 (2013). In his petition, the petitioner has alleged actual innocence. Docket Entry No. 1 at pg. 5.

To invoke actual innocence as an exception to the limitation period, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of any new evidence that may now be available to the petitioner. *Id.* at pg.1935. He does this by supporting "his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at

trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

The petitioner's claim of actual innocence is not supported by new evidence of any type. The petitioner simply alleges that "counsel failed to call the petitioner to testify in his own defense, therefore, likely resulting in prejudice to the jury by his failure to take the stand". Docket Entry No. 1 at pgs. 5-6. This is not sufficient to excuse the untimeliness of this action. Accordingly, the Court finds that the limitation period was not equitably tolled so as to allow the untimely filing of this action.

An appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

                                                                         John T. Nixon
                                                                         Senior District Judge